J-S36030-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
KYLE MATHIS :
:
Appellant : No. 3332 EDA 2017

Appeal from the Judgment of Sentence July 17, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0012453-2015

BEFORE:  GANTMAN, P.J., DUBOW, J., and KUNSELMAN, J.

MEMORANDUM BY DUBOW, J.:                    **FILED SEPTEMBER 26, 2018**

Appellant, Kyle Mathis, appeals from the July 17, 2017 Judgment of
Sentence entered in the Philadelphia County Court of Common Pleas following
his guilty pleas to one count each of Third-Degree Murder, Possessing
Instruments of Crime, Firearms Not to be Carried Without a License, and
Carrying Firearms in Public.[1]  Appellant's counsel has filed an ***Anders***[2] Brief,
together with a Petition to Withdraw as Counsel.  After careful review, we
affirm Appellant's Judgment of Sentence and grant counsel's Petition to
Withdraw.

The facts are, briefly, as follows.  On July 25, 2015, Appellant killed
Darrin Ward, Jr., by shooting him multiple times in broad daylight, on a

_____

[1] 18 Pa.C.S. § 2502(c); 18 Pa.C.S. § 907; 18 Pa.C.S. § 6106; and 18 Pa.C.S.
§ 6108, respectively.

[2] ***Anders v. California***, 386 U.S. 738 (1967).

residential street where numerous eyewitnesses were sitting outside. The shooting was in retaliation for the shooting of Appellant's uncle by a close associate of Ward.

Police arrested Appellant on August 26, 2015, in connection with a separate Attempted Murder. During the course of their investigation of that crime, ballistics experts matched shell casings from both crimes. Police subsequently arrested Appellant and charged him with the instant crimes.

On July 17, 2017, Appellant entered a negotiated guilty plea to the above-referenced charges. That same day, the court sentenced Appellant to the negotiated aggregate term of 28 ½ years' to 57 years' incarceration.[3]

On July 25, 2017, Appellant filed a counseled Motion to Withdraw Guilty Plea. Appellant's Motion consisted of three enumerated paragraphs that stated only the date of his conviction, the length of the sentence the court imposed, and a bald assertion that he would like the court to permit him to withdraw his guilty plea. *See* Motion, 7/25/17, at 1 (unpaginated). Appellant did not allege any grounds to support his withdrawal request. *See id.*

The trial court denied Appellant's Motion without a hearing on July 27, 2017.

This appeal followed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

_____

[3] The court ordered Appellant to serve this sentence concurrently with a sentence of 7 to 8 years' incarceration that he is currently serving in a separate case for convictions of Attempted Murder and firearms offenses.

On January 23, 2018, counsel filed the **Anders** Brief and Petition to Withdraw as Counsel. Appellant did not file a *pro se* or counselled response to either the Brief or the Petition.

As a preliminary matter, we address counsel's Petition to Withdraw. "When presented with an **Anders** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw." **Commonwealth v. Daniels**, 999 A.2d 590, 593 (Pa. Super. 2010) (citation omitted). In order for counsel to withdraw from an appeal pursuant to **Anders**, our Supreme Court has determined that counsel must meet certain requirements, including:

> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Commonwealth v. Santiago**, 978 A.2d 349, 361 (Pa. 2009).

In the instant case, counsel has complied with all of the requirements of **Anders** as articulated in **Santiago**. Additionally, counsel confirms that he sent Appellant a copy of the **Anders** Brief, as well as a letter explaining to Appellant that he has the right to proceed *pro se* or the right to retain new counsel. **See Commonwealth v. Millisock**, 873 A.2d 748, 751 (Pa. Super

2005) (describing notice requirements). Counsel appended a copy of the letter to his Petition to Withdraw.

Once counsel has satisfied the above requirements, it is then this Court's duty to conduct an independent review of the record to discern if there are any additional, non-frivolous issues overlooked by counsel and render an independent judgment as to whether the appeal is, in fact, wholly frivolous. *See Commonwealth v. Yorgey*, ___ A.3d ___, 2018 PA Super 136, *5 (Pa. Super. filed May 24, 2018) (en banc) (noting that *Anders* requires the reviewing court to "review 'the case' as presented in the entire record with consideration first of issues raised by counsel.").

Counsel raises the following issue in the *Anders* Brief:

Did the lower court err in denying [A]ppellant's Motion to Withdraw his guilty plea?

*Anders* Brief at 3.

The Honorable Rose Marie DeFino-Nastasi, who presided at Appellant's plea hearing, has authored a comprehensive and well-reasoned Opinion, citing to the record and case law in addressing Appellant's claim on appeal. After a careful review of Appellant's arguments and the record, we affirm on the basis of the trial court's Opinion, which concluded that (1) Appellant's failure to support his request to withdraw his guilty plea with any facts or reasons was a sufficient basis to deny his Motion to Withdraw Guilty Plea; and (2) even if Appellant had alleged that he entered his plea involuntarily, the record belies that claim because (a) the court addressed all of the required factors at

Appellant's plea colloquy; (b) Appellant received the benefit of his bargain; and (c) Appellant exercised his right to allocute during which he expressed his remorse and reaffirmed his guilt. *See* Trial Ct. Op., 10/31/17, at 4-6.

Accordingly, we agree with counsel and conclude that the issue raised in the ***Anders*** Brief is wholly frivolous. Furthermore, our independent review of the record confirms counsel's assertion that Appellant cannot raise any non-frivolous issues in this appeal. ***See Commonwealth v. Flowers***, 113 A.3d 1246, 1250 (Pa. Super 2015) (requiring this Court to independently review the record to ensure that counsel has not overlooked any additional non-frivolous issues). Thus, we grant counsel's Petition to Withdraw and affirm Appellant's Judgment of Sentence. The parties are instructed to attach a copy of the trial court's October 31, 2017 Opinion to all future filings.

Judgment of Sentence affirmed. Petition to Withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/26/18

FILED

nr: 3 1 2017

Office of Judicial Records
Appeals/Post Trial

**IN THE COURT OF COMMON PLEAS OF PHILADELPHIA**

**CRIMINAL TRIAL DIVISION**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | CP-51-CR-0012453-2015 |
| v. | : | 3332 EDA 2017 |
| KYLE MATHIS | : | |

CP-51-CR-0012453-2015 Comm v Mathis Kyle
Opinion

8023335081

**OPINION**

Rose Marie DeFino-Nastasi, J.

## PROCEDURAL HISTORY

On July 17, 2017, Defendant entered into a negotiated plea agreement, pleading guilty to Third Degree Murder, 18 Pa.C.S. § 2502(c), as a felony of the first degree; Violation of the Uniform Firearms Act (Firearms Not to be Carried Without a License), 18 Pa.C.S. § 6106, as a felony of the third degree, Violation of the Uniform Firearms Act (Carrying Firearms in Public), 18 Pa.C.S. § 6108, as a misdemeanor of the first degree; and Possession of an Instrument of Crime (PIC), 18 Pa.C.S § 907, as a misdemeanor of the first degree. The same day, Defendant was sentenced to twenty (20) to forty (40) years confinement for the Third Degree Murder conviction, three-and-a-half (3.5) to seven (7) years confinement for the VUFA 6106 conviction, two-and-a-half (2.5) to five (5) years confinement for the VUFA 6108 conviction, and two-and-a-half (2 5) to five (5) years confinement for the PIC conviction. All sentences were ordered to run consecutively making Defendant's aggregate sentence twenty-eight-and-a-half (28.5) to fifty-seven (57) years confinement.[1]

---

[1] The sentence for the Third Degree Murder conviction in this case was ordered to run concurrently to a seven (7) to eighteen (18) year sentence Defendant is serving on a separate case (CP-51-CR-0009922-2015) for a conviction for Attempted Murder, VUFA 6106, and VUFA 6108

1

On July 25, 2017, Defendant filed a timely Motion to Withdraw his Guilty Plea without stating any reasons as to why he wanted to do so.

On July 27, 2017, this Court denied Defendant's Motion to Withdraw his Guilty Plea without a hearing.

On August 21, 2017, Defendant filed a timely Notice of Appeal to the Pennsylvania Superior Court.

On October 6, 2017, Defendant filed a Rule 1925(b) Statement of Matters Complained of on Appeal, pursuant to an Order of the Court. His claim is as follows:

I.      The lower court erred and abused its discretion by denying Defendant's Motion to Withdraw his Guilty Plea.

## FACTS

On July 25, 2015 at 12:56 p.m. the Defendant, Kyle Mathis, killed the decedent, Darrin Ward, Jr., by shooting him multiple times with a gun at 515 East Hill Creek Drive in Philadelphia, Pennsylvania. The shooting was in broad daylight, on a residential street, where numerous eyewitnesses were sitting outside. The shooting was in retaliation for the shooting of the Defendant's uncle by Stephan Brooks. The decedent was a close associate of Stephan Brooks. Brooks was present on the scene but entered a house at the time of the shooting N.T. 07/17/17 at p. 26, 30.

The decedent was walking down East Hill Creek Drive when the Defendant called him over. After a brief conversation, the decedent told the Defendant that he did not have anything to do with what he was talking about. The Defendant then pushed the decedent and began shooting at him, saying "you know what this is for." The decedent was then taken to Albert Einstein Hospital and pronounced dead at 3:45 p.m. *Id*

2

Fourteen (14) fired 9mm cartridge casings (hereinafter referred to as FCC's) and three (3) 9mm bullets were found by police at the scene. Five (5) more 9mm bullets were recovered from the body of the decedent at the hospital. *Id* at pp. 26-27.

Dr. Victoria Sorokin, a qualified expert in the field of forensic pathology, identified nineteen (19) bullet entrance wounds on the decedent's body but noted that some of the entrance wounds may have been re-entry wounds from other parts of his body (i.e. from the arm to the torso). Dr. Sorokin confirmed that the cause of death was multiple gunshot wounds and the manner of death was homicide. *Id* at pp. 27-28.

The Defendant was arrested on August 26, 2015 for a separate attempted murder that took place in the 22nd Police District in North Philadelphia. Nineteen (19) 9mm FCC's and one (1) 9mm bullet were recovered from that crime scene He was arrested at 2035 Berks Street in a home that belonged to the mother of one of his children. Inside the home were an additional seven (7) live 9mm cartridges. *Id* at pp. 28-29.

On October 28, 2015, ballistics experts determined, to a reasonable degree of scientific certainty, that the bullets from the crime scene at 515 East Hill Creek Drive and the bullets from the crime scene at 2035 Berks Streets were fired from the same 9mm gun. *Id* at pp 29-30.

The Defendant was identified by multiple witnesses, including Stephan Brooks, who identified him by his nickname, Trouble, which is tattooed on the Defendant's arm. When the shooting occurred, three (3) women and a seven (7) year old boy were within feet of the incident. Another witness identified the Defendant from a double blind photo array where six (6) photos were shown to the witness and the administrator of the array did not know the Defendant. *Id* at p. 31.

## ANALYSIS

### Issue I

**The lower court erred and abused its discretion by denying Defendant's Motion to Withdraw his Guilty Plea.**

"As there is no absolute right to withdraw a guilty plea, trial courts have discretion in determining whether a withdrawal request will be granted; such discretion is to be administered liberally in favor of the accused, and any demonstration by a defendant of a fair-and-just reason will suffice to support a grant, unless withdrawal would work substantial prejudice to the Commonwealth....The proper inquiry on consideration of a guilty plea withdrawal motion is whether the accused has made some colorable demonstration, under the circumstances, such that permitting withdrawal of the plea would promote fairness and justice." *Com v Carrasquillo*, 631 Pa. 692, 704-706 (Pa. 2015). "A trial court's decision regarding whether to permit a guilty plea to be withdrawn should not be upset absent an abuse of discretion; an abuse of discretion exists when a defendant shows any fair and just reasons for withdrawing his plea absent substantial prejudice to the Commonwealth." *Com v Elia*, 83 A.3d 254, 261 (Pa. Super. 2013)

In his motion to withdraw his guilty plea, Appellant fails to set forth any fact to support his request to withdraw his guilty plea. He merely makes a bald assertion that he would like to withdraw his plea. The motion states the following:

"1    On July 17, 2017, Petitioner entered a plea of guilty to Murder, etc.

2.    In accordance with the negotiation between defense counsel and the Commonwealth, Your Honor sentenced Petitioner to a term of 28.5-57 years in a state correctional institution.

4

3. Petitioner respectfully requests that this Court allow him to withdraw his plea of guilty, which he entered on July 17, 2017."

*Defendant's Motion to Withdraw Guilty Plea, at p 1, filed July 25, 2017.* Defendant does not claim, for instance, that he is innocent of the crime he pled guilty to, nor does he claim that his guilty plea was the result of pressure, coercion, or misunderstanding. For this reason alone, Defendant was not entitled to withdraw his guilty plea and it was not an abuse of discretion for the Court to deny his motion to withdraw it.

Assuming arguendo that Defendant's claim was that his plea was involuntary, the record belies that claim and Defendant's motion to withdraw his guilty plea fails to elucidate it. There are six areas that Pennsylvania law requires trial courts to look into when examining the voluntariness of a guilty plea. The trial court must inquire into a defendant's understanding regarding·

-1. The charges to which he is pleading guilty

-2. The factual basis for his plea

-3. The right to a trial by jury

-4. The presumption of innocence

-5. The permissible ranges of sentences; and

-6. The fact that the judge is not bound by the plea agreement.

*Com v McCauley,* 797 A.2d 920, 922 (Pa. Super. 2001)

All of these factors were addressed during Defendant's guilty plea colloquy. N T 07/17/17. ("Where the record clearly indicates that a guilty plea colloquy was conducted, during which it became evident that the defendant understood the nature of the charges against him, the

5

voluntariness of the plea is established." *Com v McCauley*, 797 A.2d 920, 922 (Pa. Super. 2011).

Defendant also received the benefit of the bargain, in that, in exchange for pleading guilty to Third Degree Murder, the Commonwealth did not charge Defendant with First Degree Murder and pursue a life-sentence for the Defendant. ("The desire of an accused to benefit from a plea bargain is a strong indicator of the voluntariness of his plea." *Com v Pollard*, 832 A.2d 517, 524 (Pa. Super 2003)). Evidence was presented by the Commonwealth which indicated that Defendant shot the decedent in retaliation for the shooting of the Defendant's uncle. The shooting took place in broad daylight and Defendant was identified by multiple eyewitnesses Fourteen (14) 9mm FCC's were recovered from the crime scene and five (5) 9mm projectiles were recovered from the decedent's body. Clearly, the ballistic evidence strongly corroborates the specific intent to kill needed to prove First Degree Murder. Appellant pleaded guilty to Third Degree Murder and removed himself from the very real possibility of a life sentence.

Finally, after the witness impact evidence was offered at sentencing, Defendant chose to exercise his right of allocution, during which he expressed his remorse and reaffirmed his guilt

"Every case I had, my mom always told me, she always told me to man up. If I did something, man up to it. If I didn't do nothing, don't just fall for anything and I always lived by that. So today that is what I did, I owned up for what I did and for the family, that I'm truly sorry that it had to come down to this with this situation we are in right now but as long as they know that every day, even if they don't think about it, that they know somebody is thinking about it because I can't let that out of my life because now it is a part of my life."

6

N.T. 07/17/17 at pp. 47-48.

For all the reasons stated above, the Court did not err or abuse its discretion in denying

Defendant's Motion to Withdraw his guilty plea.

## **CONCLUSION**

Based on the foregoing, the court's denial of the PCRA petition should be affirmed.

By the Court:

Rose Marie DeFino-Nastasi, J.

7

**Commonwealth v. Kyle Mathis**
CP-51-CR-0012453-2015
Opinion

## Proof of Service

I hereby certify that I am this day serving the foregoing Court Order upon the person(s), and in the manner indicated below, which service satisfies the requirements of Pa.R.Crim.P. 114:

Petitioner:
Mr. Kyle Mathis, MN 5233
SCI Fayette
P.O. Box 9999
LaBelle, PA  15450-1050

Type of Service:    ( ) Personal    ( ) First Class Mail    (x) Other, Please Specify: Certified

Counsel·
Jason  E. Parris, Karl Baker, Owen W. Larrabee, and Keir
Bradford-Grey, Esquires
Appeals Division
Defender Association of Philadelphia
1441 Sansom Street
Philadelphia, PA  19102

Type of Service:    ( ) Personal    (x) First Class Mail    ( ) Other, Please Specify:

District Attorney:
Philadelphia District Attorney's Office
Appeals Unit
Widener Bldg.
3 South Penn Square
Philadelphia, PA  19107

Type of Service.    ( ) Personal    ( ) First Class Mail    (x) Inter-Office

Date: 10/31/2017

Michael G. Zaleski
Law Clerk to the Honorable Rose Marie DeFino-Nastasi